UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                          Case No. 07-cr-149-01-PB

Derwin Cain

**O R D E R**

    The defendant, Derwin Cain, moved for court appointed counsel to assist him in the pursuit of a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act") (document no. 33).  That amendment was given retroactive effect on November 1, 2011.  Because there is no reasonable probability that the defendant is entitled to a sentence reduction based on this retroactive amendment, his request for counsel is DENIED.

    On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences.  Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory

minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010).  On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u).  Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1.  Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1.  On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in

sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

Having reviewed the offense of conviction, the sentence imposed, and the pertinent record, it is clear that the defendant is not eligible to seek a reduced sentence under the retroactively applicable amendment.

On August 28, 2008, the defendant pled guilty to a four (4) count Indictment charging him with one (1) count of Distribution of Cocaine and three (3) counts of Distribution of Cocaine Base ("Crack"), all in violation of 21 U.S.C. § 841 (a)(1). At sentencing, the court found the total offense level was 27 and the advisory guideline range was 120 to 150 months. Although the defendant was subject to a twenty (20) year mandatory minimum sentence, he received a downward departure for substantial assistance and was sentenced to 138 months imprisonment and six (6) years of supervised release on count one (1), eight (8) years on counts two (2) and three (3), and ten (10) years on count four (4), to be served concurrently.

On this record, the defendant is not entitled to a sentence reduction based on a retroactive application of the crack cocaine amendment (Amendments 750, Parts A anc C). Under the 2010 Fair Sentencing Act the statutory mandatory minimum

sentence of twenty (20) years still sets the applicable Guideline Sentencing Range in the defendant's case. The retroactive guideline amendment did not lower that range — it was 240 months when defendant was sentenced and it remains at 240 months now (because the Fair Sentencing Act's provisions are not retroactive). See, e.g., United States v. Curet, ___ F.3d ___, 2012 WL 75392 (1st Cir. January 11, 2012). Because the defendant was sentenced pursuant to the statutory minimum mandatory twenty (20) year penalty provision, and the retroactive crack base guideline amendment has no application to the statutory provision for which he was sentenced, the amendment has no impact on his sentence.

The retroactive amendment, by its terms, does not apply to defendant. Because "the guideline range applicable to . . . defendant" has not been "lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)," U.S.S.G. § 1B1.10(a)(1), defendant is not entitled to sentence relief. See also U.S.S.G. § 1B1.10(a)(2)(B). Application Note 1(A) to Section 1B1.10 confirms that conclusion: "Accordingly, a reduction in the defendant's term of imprisonment is not authorized . . . [if the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory

provision (e.g., a statutory mandatory minimum term of imprisonment)."

Thus, because the defendant's guideline range was not lowered by the retroactive amendment due to application of a statutory mandatory minimum term of imprisonment, he is not eligible for a reduction of his sentence.  As a result, it would be futile, and an unnecessary expenditure of taxpayer monies, to appoint counsel to pursue a sentence reduction on his behalf. Defendant's motion to appoint counsel (document no. 33) is DENIED.

**SO ORDERED.**

Date: February 22, 2012            /s/ Paul Barbadoro
                                   _____
                                   Paul Barbadoro
                                   United States District Judge


cc:   Derwin Cain, pro se
      Counsel of Record